UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE LEE JACKSON,<br><br>             Plaintiff,<br><br>v.<br><br>R.M. HOUSTON, *et al.,*<br><br>             Defendants. | Civil No. 07cv1108 L (POR)<br><br>**ORDER ADOPTING REPORT; OVERRULING OBJECTIONS; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [doc. nos. 14, 15]** |

*Pro se* plaintiff filed this action under 42 U.S.C. § 1983 contending that various prison officials deprived him of his Eighth Amendment rights by suspending his outdoor recreational privileges for 42 days, and violated his due process rights by failing to schedule an Institutional Classification Committee hearing within ten days. Defendants[1] moved to dismiss the complaint in its entirety contending that plaintiff failed to allege the objective and/or subjective elements of his Eighth Amendment claim, and failed to allege a violation of procedural due process. Defendants also seek qualified immunity for both of plaintiff's claims.

The matter was referred to Magistrate Judge Louisa S. Porter for a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule

---

[1] At the time defendants Houston, Barreto, Clark, Cordova, Mendez and Rodriguez filed their motion to dismiss, defendant Martinez had not been served. Once he was served, Martinez filed his motion to dismiss.

72.3. The magistrate judge recommended that defendants' motions to dismiss the due process claim be granted and the Eighth Amendment claim be denied. Although plaintiff did not file objections to the Report, defendants have done so.

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) ( *en banc*), *cert. denied*, 124 S. Ct. 238 (2003).

**1.     Factual Background**[2]

On September 15, 2004, Defendant Houston allegedly loudly chastised the Administrative Segregation Unit ("ASU") supervisor and demanded that extra bed-space be provided for incoming Administrative Segregation inmates. Compl. at 3-4. Defendant Houston then advised the inmates, including Plaintiff, who was an inmate in ASU at the time, that failure to accept a cell mate would result in a Rule Violation Report and immediate yard suspension. Id. at 4. Upon Defendant Houston's departure, Defendants Cook, Mendez, Cordova, and Reyes ordered the prisoners to accept cell mates. Id. At this point, Defendant Mendez placed a sign above Plaintiff's cell door that read "Yard Suspended Pending ICC."[3] Id.

On September 20, 2004, Plaintiff received a Rule Violation Report ("Report") dated September 15, 2004. Id. In the Report, it is noted that, upon a direct order by Defendant Mendez to accept a cell mate, Plaintiff replied, "I am not taking a cellie." See Doc. No. 14, Decl. Of D. Hanlon. On September 23, 2004, Plaintiff attended a hearing concerning the rule violation. Id. At the hearing, Plaintiff was found guilty of the rule violation and given a thirty-day forfeiture of behavior credits. Id.

---

[2]     The Background is taken directly from the Report and Recommendation.

[3]     Plaintiff does not state in his complaint whether or not he refused to accept a cell mate.

Approximately two weeks later, Plaintiff summoned Defendant Mendez to his cell door and asked why Plaintiff had not gone to ICC. Compl. at 4. Defendant Mendez replied, "Call me when you're ready to accept a cellie" and purportedly walked away. Id. On October 9, 2004, Plaintiff contacted Defendants Rodriguez and Barretto requesting that they review his file to determine whether Defendant Mendez had scheduled Plaintiff for ICC. Id. During the subsequent weeks, Plaintiff attempted to speak to Defendant Mendez by calling his name aloud as he passed Plaintiff's cell, whereupon Defendant Mendez would say, "Call me when you're ready to accept a cellie." Id. at 5.

On October 28, 2004, Plaintiff was summoned before ICC. Compl. at 5. There, Plaintiff notified Defendant Houston that he had been denied his outdoor recreation privileges for forty-two days. Id. Defendant Houston subsequently ordered Defendant Martinez to remove the yard suspension sign from Plaintiff's cell door. Id.

On November 12, 2004, Plaintiff filed an Administrative Appeal regarding the aforementioned incidents. See Compl. at 5. On December 1, 2004, Defendant Houston denied the complaint at the First level. Id. On January 2, 2005, Plaintiff processed the complaint at the Second level. Id. On February 9, 2005, the complaint was denied at the Second level. Id. On February 22, 2005, Plaintiff processed the complaint at the Third level. Id. On May 25, 2005, the complaint was granted in part at the Director's level. Id. CEN was ordered to conduct and document further investigation into Plaintiff's allegations and to report the disposition to Plaintiff. Id.

**2.   Discussion**

Defendants object to the magistrate's finding that plaintiff adequately alleged the subjective component of the Eighth Amendment claim and further object to the finding that they are not entitled to qualified immunity as to this claim.

**a.   Eighth Amendment Claim**

Prison officials may violate the Eight Amendment's prohibition on cruel and unusual punishments if they deprive the inmate of "a single, identifiable human need such as food, warmth or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (emphasis added). To

sufficiently allege an Eighth Amendment violation, however, the inmate must "objectively show that he was deprived of something 'sufficiently serious,'" and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The Ninth Circuit recently repeated that "exercise is one of the most basic human necessities protected by the Eighth Amendment." *Thomas v. Ponder*, 611 F.3d 1144, 1151–52 (9th Cir. 2010); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)("[O]rdinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes.). A prohibition on outdoor exercise of six weeks is a "sufficiently serious" deprivation to support an Eighth Amendment claim. *See, e.g., Lopez v. Smith,* 203 F.3d 1122, 1132–33 (9th Cir. 2000) (*en banc*); *Allen v. Sakai*, 48 F.3d 1082, 1086 (1994). Defendants do not challenge the magistrate judge's finding that plaintiff has met the objective element of an Eighth Amendment claim by alleging that he had been deprived of outdoor exercise privileges for six weeks, that the deprivation was long-term and thus constitutes a substantial deprivation. In other words, plaintiff has objectively shown that he was deprived of something sufficiently serious.

Once an individual has first shown objectively that he was deprived of something sufficiently serious, the court must consider whether the risk to the inmate was sufficiently obvious to the prison officials that they must have been aware of the severity of the deprivation. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). This second step in showing deliberate indifference involves a two-part inquiry: first, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. *Id.* (quoting *Farmer*, 511 U.S. at 837). In other words, plaintiff must show that the risk posed by the deprivation is obvious. *Id.* Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk. *Id.*

Defendants contend that plaintiff has not alleged facts demonstrating the subjective element of the claim, specifically that "the deprivation was not wanton or malicious or sadistic

for the very purpose of causing harm" because "the deprivation would only last until Plaintiff agreed to accept a cellmate (i.e. that Plaintiff, himself, could have ended the deprivation at any time)" . . . . Obj. at 2.

As the *Thomas* court noted, "[f]or over thirty years, we have emphasized that 'some form of regular outdoor exercise is extremely important to the psychological and physical well-being of inmates.'" *Thomas*, 611 F.3d at 1152 (citing *Sprain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). As a result, the *Thomas* court found, as a matter of law, that the risk to plaintiff's health was sufficiently obvious such that any prison official who was aware that plaintiff was deprived of outdoor exercise for a significant amount of time would have known of the obvious risk to plaintiff's health. *Id.* Defendants do not address this first prong of the subjective component for deliberate indifference. The Court finds plaintiff has sufficiently alleged that defendants were aware of the length of time plaintiff was deprived of his outdoor exercise privileges and that this deprivation would be an obvious risk to his health.

Appearing to acknowledge that they were aware of a "substantial risk of serious harm" to plaintiff based on the deprivation of exercise privileges, defendants focus their argument by contending that the purpose of the deprivation was reasonable because it was intended to cause plaintiff to accept a cell mate and plaintiff could end the deprivation at his choosing.

Prison officials may act reasonably in depriving inmates of exercise when they respond to a "genuine emergency." *Thomas*, 611 F.3d at 1154. Such an emergency may occur following outbreaks of extraordinary levels of violence in a prison. *Norwood v. Vance*, 572 F.3d 626, 631 (9th Cir. 2009) ("When violence rises to unusually high levels, prison officials can reasonably believe it is lawful to temporarily restrict outdoor exercise to help bring the violence under control.").

In the present case, defendants do not assert that a violent emergency situation occurred or that the deprivation was necessary to maintaining prison order. Defendants do not even contend that defendant was dangerous. Instead, because plaintiff failed to comply with an order to accept a cell mate, his exercise privileges were curtailed. Upon plaintiff's compliance, his exercise privileges would be restored.  As the *Thomas* court noted:

> The prison officials' repeated assertion that the deprivation of exercise was "reasonable" because Thomas could have signed the pledge form at any time and thereafter would been permitted to exercise misses the point completely and is entirely inconsistent with out previous holdings. . . . Under the circumstances present here, however, in which the punishment of deprivation of exercise appears clearly not to have been necessary to maintain order in the prison, it is difficult to conceive how a deprivation of a "basic human necessity" may be deemed reasonable.

*Thomas*, 611 F.3d at 1155-56.

And so it is here. At the motion to dismiss stage, plaintiff has adequately alleged that the deprivation of his exercise rights was not reasonable. Accordingly, the Court overrules defendants' objections to the Report and denies the motion to dismiss plaintiff's Eighth Amendment claim on the grounds defendants argue.

### b. Qualified Immunity

As noted above, defendants object to the Report's recommendation that they be denied qualified immunity on plaintiff's Eighth Amendment claim.

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). In determining whether qualified immunity is applicable, Courts consider (1) whether the facts alleged, taken in the light most favorable to plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010). the Ninth Circuit addressed when a correctional officer is entitled to immunity from an Eighth Amendment claim for denial of outdoor exercise based on "qualified immunity." First, the court acknowledged that, pursuant to their decision in *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1995), there is a Constitutional right to outdoor exercise which may not be denied for inconsequential logistical concerns or punitive reasons. *Norwood*, 591 F.3d at 1069, 1070. But the *Norwood* court found that there is no clearly established right to outdoor exercise in "in the midst of severe ongoing prison

violence" and temporary restrictions on outdoor exercise are lawful to help bring violence under control. *Id.*

The present case, however, is not about whether defendants had a duty to balance plaintiff's right to outdoor exercise against their responsibility to keep all in the prison safe. The denial of plaintiff's outdoor exercise was premised on and executed as a means of coercing plaintiff to take a cell mate and punishing him until he complied. Thus, because outdoor exercise for prisoners was clearly established as a Constitutional right in 1995, and plaintiff's rights were deprived in 2004, defendants are not entitled to qualified. immunity and their objection to the Report is overruled.

Based on the foregoing, **IT IS ORDERED**:

1. Defendants' objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation in **ADOPTED** in its entirety;
3. Defendants' motions to dismiss are **GRANTED** as to plaintiff's due process claim and **DENIED** as to plaintiff's Eighth Amendment claim; and
4. Defendants shall answer plaintiff's complaint in accordance with the Federal Rule of Civil Procedure.

**IT IS SO ORDERED.**

DATED: April 11, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL